UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE L. CONNOR, M.D., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br>　　　　　Defendant. | Case No. 19-cv-06552-YGR (TSH) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 31 |

　　　　Plaintiff Caroline Connor has sued Unum for disability benefits she says she is owed under an ERISA plan. ECF No. 1. The core issue in dispute is whether she was a full-time employee entitled to the benefits. *Id*. The parties now have a dispute over the application of the attorney-client privilege to certain documents that Unum has refused to produce. ECF No. 31.

　　　　There are really two sets of documents at issue. First, there are legal communications prior to 2019 with Paul Revere, a corporate affiliate of Unum's, concerning Connor's prior individual disability claim. The parties make complicated privilege arguments concerning these documents. However, the Court finds those privilege arguments unnecessary to resolve because, having done an *in camera* review, it concludes these documents are completely irrelevant. The Court understands that the applicable regulations state that everything submitted or considered in connection with a claim is considered "relevant," even if it wasn't used in arriving at a decision. 29 C.F.R. § 2560.503-1(m)(8)(ii). But for purposes of deciding a motion to compel, the Court must follow Federal Rule of Civil Procedure 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. Proc. 26(b)(1). The Court has reviewed the parties' claims and defenses, ECF Nos. 1 and 19, and the allegedly privileged documents from

before 2019 are not relevant to them. Accordingly, the Court denies this portion of the motion to compel.

But the allegedly privileged documents in 2019 are a different kettle of fish. They are relevant. They also look like legal communications about plan administration. And they do not look like communications in which a fiduciary is seeking advice on how to defend itself from legal claims. Unum's discussion of the fiduciary exception to the attorney-client privilege in the parties' joint discovery letter brief was limited to the pre-2019 documents. The Court orders Unum to show cause why the 2019 allegedly privileged documents do not fall within the fiduciary exception. *See Stephan v. Unum Life Ins. Co*., 697 F.3d 917, 931-33 (9th Cir. 2012). Unum's response to this OSC is due June 3, 2020.

**IT IS SO ORDERED.**

Dated: May 28, 2020

THOMAS S. HIXSON
United States Magistrate Judge